NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMA PARKER, and TRACY HUBER, individually and on behalf of others similarly situated, : : : : Plaintiffs, : v. : HOWMEDICA OSTEONICS CORP., a New Jersey corporation doing business as Stryker Orthopaedics, : : : : Defendant. : | CIVIL ACTION NO. 07-02400 (JLL) **OPINION** |

**LINARES**, District Judge.

Plaintiffs Jama Parker and Tracy Huber ("Plaintiffs") bring this class action on behalf of themselves and all others similarly situated, against Defendant Howmedica Osteonics Corporation ("Defendant" or "Howmedica"). In their Amended Class Action Complaint, Plaintiffs seek economic damages for alleged violations of the New Jersey Consumer Fraud Act ("CFA") (Count I) and the New Jersey Products Liability Act ("PLA" or the "Act") (Count II), breach of express and implied warranties (Count III), and negligent design and manufacture (Count IV). Presently before the Court is Defendant's motion to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Court decides this motion on the submissions of the parties pursuant to Fed. R. Civ. P. 78. For the reasons set forth

1

below, Defendant's motion is granted.[1]

I.  **Factual and Procedural History**

The facts giving rise to this action are recited in Plaintiff's Amended Class Action Complaint ("Am. Compl.") as follows. Plaintiff Jama Parker is a Colorado resident; plaintiff Tracy Huber is a Kentucky resident; Howmedica is a New Jersey corporation. Am. Compl. ¶¶ 3-5. Howmedica designs, manufactures and sells the Trident Ceramic Acetabular System ("Trident System" or the "System")–a device implanted in patients requiring a total hip replacement. Id. at ¶¶ 9-10; see id. at ¶ 15. In 2004, plaintiffs Parker and Huber both underwent total hip replacement surgery (also known as an "arthroplasty") in their respective home states and received implants of the Trident System. Id. at ¶¶ 13-14. Subsequent to their respective arthroplasties, both Parker and Huber "heard audible clicking, squeaking and/or squealing sounds" coming from the location of their Trident System implants. Id. at ¶ 16. However, plaintiffs have not suffered any personal injury as a result of their arthroplasties–or the alleged resultant sounds emitting from their hip implants. See id. at ¶ 19.

On May 18, 2007, Plaintiffs filed the instant class action against Howmedica under Federal Rules of Civil Procedure 23(b)(2) and (b)(3). Plaintiffs availed themselves of their right to amend the complaint once without leave and filed the Amended Class Action Complaint on June 22, 2007. Defendant answered the Amended Class Action Complaint by filing the motion currently before the Court.

---

[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and (d)(2) and supplemental jurisdiction over Plaintiff's claims under New Jersey state law pursuant to 28 U.S.C. § 1367. Since this Court exercises its diversity jurisdiction over this action, the law to be applied is that of the forum state–New Jersey. Am. Cyanamid Co. v. Fermenta Animal Health, 54 F.3d 177, 180 (3d Cir. 1995).

## II. <u>Legal Standard</u>

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[2] See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>abrogated on other grounds</u> by <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982); <u>Allegheny Gen. Hosp. v. Philip Morris, Inc.</u>, 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See <u>In re Nice Sys., Ltd. Sec. Litig.</u>, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1959 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." <u>Id.</u> Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. <u>Scheuer</u>, 416 U.S. at 236. With this framework in mind, the Court turns now to Defendant's motion.

---

[2] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, but may not look at the record. See <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1251, 1261 (3d Cir. 1994).

### III.  Discussion

#### A.  Count I: New Jersey Consumer Fraud Act[3]

Defendant contends that Count I of Plaintiffs' Amended Complaint must be dismissed as it fails to adequately plead all the elements required under the CFA. Def.'s Br. at pp. 7-19. The New Jersey legislature enacted the CFA, N.J.S.A. 56:8-1 *et seq.*, in 1960 to remedy fraudulent consumer practices and to deter merchants from engaging in such conduct. Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 245 (2005). In 1971, the legislature amended the CFA to include a private right of action. Solo v. Bed Bath & Beyond, Inc., No. 06-1908, 2007 WL 1237825, at *2 (D.N.J. April 26, 2007) (citing Gennari v. Weichart Co., 148 N.J. 582, 604 (1997)). The CFA provides a cause of action to "[a]ny person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act . . . ." N.J.S.A. § 56:8-19. A court adjudicating a CFA claim must approach dismissal of said claim "with hesitation". New Jersey Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 13 (N.J. Super. Ct. App. Div. 2003).

To state a cause of action under the CFA, a plaintiff must allege: (1) an unlawful practice by the defendants; (2) an ascertainable loss by plaintiff; and (3) a causal nexus between the first two elements–defendants' allegedly unlawful behavior and the plaintiff's ascertainable loss. Id. at 12-13 (citing Cox v. Sears Roebuck & Co., 138 N.J. 2, 24 (1994)). Importantly, CFA claims "sounding in fraud" are subject to the particularity requirements of Federal Rule of Civil

---

[3] Defendant disputes the application of New Jersey law to Plaintiffs' CFA claim as the System was implanted in Colorado and Kentucky respectively. Def.'s Br. at p. 7 n.3. Plaintiffs state that New Jersey law does indeed apply. Pls.' Opp'n Br. at p. 5 n.2. Because the Court dismisses Count I of the Amended Complaint, it will assume the application of New Jersey law for purposes of this motion only and refrain from undertaking a lengthy choice of law analysis.

4

Procedure 9(b). See Naporano Iron & Metal Co. v. Am. Crane Co., 79 F. Supp. 2d 494, 510 (D.N.J. 2000). The New Jersey courts have explained what is required to allege each of these three elements. An affirmative act, a knowing omission, or a regulatory violation may constitute an "unlawful practice". Cox, 138 N.J. at 17 (citing N.J.S.A. § 56:8-2).[4] A breach of warranty alone is not deemed an "unlawful practice". Cox, 138 N.J. at 18 ("[A] breach of warranty . . . is not per se unfair or unconscionable and a breach of warranty alone does not violate a consumer protection statute. D'Ercole Sales, Inc. [v. Fruehauf Corp.], 206 N.J. Super. [11,] 25 [(N.J. Super. Ct. App. Div. 1985)]"). A plaintiff must allege "substantial aggravating circumstances" surrounding the defendant's alleged behavior to meet this requirement. Naporano, 79 F. Supp. 2d at 507 (citing Suber v. Chysler Corp., 104 F.3d 578, 587 (3d Cir. 1997)).

To show that he or she has suffered an "ascertainable loss," a plaintiff must allege "a cognizable and calculable . . . loss," although such loss "need not yet have been experienced as an out-of-pocket loss". Thiedemann, 183 N.J. at 249; see Castro v. NYT Television, 370 N.J. Super. 282, 295-96 (N.J. Super. Ct. App. Div. 2004) (dismissing plaintiff's CFA claim as the complaint did not allege, *inter alia*, an economic ascertainable loss). Courts expect a plaintiff to "establish [the amount of loss] with reasonable certainty." Dabush v. Mercedes-Benz USA, LLC, 378 N.J. Super. 105, 116 (N.J. Super. Ct. App. Div. 2005). Alleging a "failure to receive the benefit of [the] bargain" does not satisfy the "ascertainable loss" requirement, see id., but a demonstration that plaintiff has "receive[d] less than what was promised" does, Solo, 2007 WL

---

[4] N.J.S.A. § 56:8-2 reads, in part, "The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . . is declared to be an unlawful practice . . . ."

1237825, at *3. However, allegations a future loss do not meet the ascertainable loss requirement as they are "too speculative". Thiedemann, 184 N.J. at 252.

Finally, a plaintiff must demonstrate that the loss suffered is attributable to defendant's unlawful conduct–in essence, was suffered "as a result of" defendant's violation of the statute–to establish the necessary nexus between the alleged loss sustain and a defendant's offending behavior. Solo, 2007 WL 1237825 at *4; see N.J.S.A. § 56:8-19.

Defendant Howmedica argues that Plaintiffs have failed to adequately plead each of the three elements required to state a CFA claim and consequently, Count I of the Amended Complaint should be dismissed. The Court agrees. Plaintiffs' Amended Complaint currently alleges that the "unconscionable commercial practices" perpetrated by Howmedica include Howmedica's failure to (1) "conduct adequate testing of [the] Trident System", (2) "properly monitor and evaluate the Trident System", (3) "report all adverse events related" to the system, (4) "properly market, advertise or distribute the device". Am. Compl. ¶¶ 35(b)-(c), (e)-(f). Plaintiffs further assert that Howmedica knew or should have known that "serious side effects" arise when the Trident System is implanted in patients, id. at ¶ 35(a), and intentionally "conceal[ed] the clinical experience of the Trident System from the public," id. at ¶ 35(c). Plaintiffs offer nothing more in the way of facts to evidence Howmedica's unlawful behavior with respect to the marketing and sale of the Trident System. The contents of paragraph 35 amount to nothing more than legal conclusions cloaked in the guise of factual allegations. See Nice Systems, 135 F. Supp. 2d at 565. Furthermore, paragraph 35 does not contain any allegations evidencing "substantial aggravating circumstances" nor are these facts pled with the specificity required by Fed. R. Civ. P. 9(b). Therefore, Plaintiffs fail to sufficiently allege

6

defendant's "unlawful behavior" and do not state a claim under the CFA. Accordingly, the Court grants Howmedica's motion to dismiss Count I of the Amended Complaint.

Although the Court can dismiss Count I of the Amended Complaint based on the inadequacies of the "unlawful conduct" allegations, it will review the second and third requirements necessary to state a CFA claim due to the caution to approach dismissal of these claims "with hesitation".

Howmedica contends that Plaintiffs have likewise failed to plead the "ascertainable loss" requirement. Plaintiffs disagree, pointing the Court to paragraphs 33 and 37 of their Amended Complaint. Paragraph 33 merely states, "Plaintiffs and other members of the Class purchased the Trident System for personal use and suffered ascertainable loss . . . ." This paragraph achieves nothing more than did the "unlawful behavior" allegations: Plaintiffs merely cast a sweeping legal conclusion as factual allegations and consequently fail to meet both the CFA and the Rule 9(b) requirements with the statement contained in this paragraph.

The losses alleged in paragraph 37–"the purchase price of the [Trident System], out-of-pocket costs of medical tests and treatment, future medical care and/or services"–similarly do not stack up to state an "ascertainable loss" as required by the CFA. Defendant maintains that none of alleged losses are sufficient to evidence an "ascertainable loss". First, Howmedica argues that the purchase price of a product does not constitute an ascertainable loss. Def.'s Br. at p. 14. The New Jersey Supreme Court has stated as such: "The mere fact that [a] . . . defect arises does not establish, in and of itself, an actual and ascertainable loss to the . . . purchaser." Thiedemann, 183 N.J. at 251. Plaintiffs' reliance on Furst v. Einstein Moomjy, Inc., 182 N.J. 1 (2004), to counter Defendant's assertion is misplaced. In Furst, the trial court found that the replacement

7

price of the carpet, *not* the purchase price, constituted plaintiff's ascertainable loss, 182 N.J. at 8; the New Jersey Supreme Court agreed and only considered the purchase price of the carpet in relation to calculating damages, *not* in determining whether plaintiff actually sustained an ascertainable loss, id. at 13 ("[T]he purchase price neither represents the true value of the carpet *nor plaintiff's ascertainable loss*" (emphasis added)). Thus, the Court finds that Plaintiff's payment of the purchase price of the Trident System does not meet the ascertainable loss requirement.

Secondly, the alleged "out-of-pocket costs of medical tests and treatments" could, in theory, meet the this requirement. See Thiedemann, 183 N.J. at 252 (recognizing that had plaintiffs sustained out-of-pocket monetary losses, they would have sustained an ascertainable, quantifiable loss). However, Plaintiffs offer no facts to evidence that they actually have undergone any medical tests or treatments in connection with the "squeaking" of their respective implanted Trident Systems or to provide the Court with a measurable specificity of the costs of these tests and treatments. When a plaintiff "fails to give particulars" regarding their ascertainable loss, and when they offer "broad and conclusory allegations," the ascertainable loss requirement has not been met. See Franulovic v. Coca-Cola Co., Nos. 07-539, 07-828, 2007 WL 3166953, at *7-8, *11 (D.N.J. Oct. 25, 2007) (dismissing plaintiffs' respective CFA claims because one plaintiff only offered "conclusory statements that she and other consumers have suffered an 'ascertainable loss'" and the other's Amended Complaint was "'unclear [as to] what, if any, cognizable and calculable claim of loss due to the alleged CFA violation' [plaintiffs] suffered"); Solo, 2007 WL 1237825, at *3 (finding that plaintiff's Amended Complaint failed to state a claim under the CFA because it did not "plead specific facts setting forth and defining the

ascertainable loss suffered"). Such is the case here regarding the particulars of the alleged "medical tests and treatments"; thus, Plaintiffs are unable to satisfy the ascertainable loss requirement with this allegation.

Finally, Plaintiffs assertion that they *may* sustain costs associated with medical care and services *in the future* is similarly deficient. Such costs are too speculative to sufficiently allege a calculable, quantifiable loss. See Thiedemann, 184 N.J. at 252.

Furthermore, the only causal connection that Plaintiffs assert in their Amended Complaint, is that they sustained losses "[a]s a direct and proximate result of using the Trident System." Am. Compl. ¶ 38. This statement is only a recitation of an element of the claim–a legal conclusion–and offers no facts on which Howmedica could understand the nature of Plaintiffs' claim against them. For the above reasons and because the Court finds the above allegations are not plead with particularity pursuant to Fed. R. Civ. P. 9(b), Count I of the Amended Complaint is dismissed.[5]

---

[5] In their brief in opposition to Defendant's motion, Plaintiffs requested leave to file a further amended Complaint should this Court find that Plaintiffs have pled their CFA claim inadequately. Pl.'s Opp'n Br. at p. 16. Rule 15(a) of the Federal Rules of Civil Procedure dictates that a party may amend its pleading once as a matter of course after being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1). A motion to dismiss is not considered such a pleading and thus, a party may only amend its pleading once "as a matter of right up to the point at which the district court grants the motion to dismiss and enters final judgment". Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (citation omitted). "After judgment dismissing the complaint is entered, a party may seek to amend the complaint . . . only through Federal Rules of Civil Procedure 59(e) and 60(b)." Id. Moreover, requesting leave to amend requires the party seeking leave to file a draft amended complaint, id.; L. Civ. R. 7.1(f), and "a failure to do so is fatal to a request for leave to amend." Fletcher-Harlee Corp., 482 F.3d at 252. Plaintiffs have not filed a proper motion requesting leave to amend nor have they submitted a draft second amended complaint; therefore, the Court will deny Plaintiffs' request at this time.

### B.  Count II: New Jersey Products Liability Act

Howmedica argues that Plaintiffs' claim under the PLA, N.J.S.A. § 2A:58C-1 to -12, must be dismissed as Plaintiffs fail to allege that they have suffered any "harm" as defined by the Act. Def.'s Br. at pp. 20-21. For a PLA claim to stand, the plaintiff "must have suffered a 'harm' as articulated in the statute." Nafar v. Hollywood Tanning Sys., Inc., No. 06-3826, 2007 WL 1101440, at *3 (D.N.J. April 2007); see Sinclair v. Merck & Co., Inc., 389 N.J. Super. 493, 508 (N.J. Super. Ct. App. Div. 2007) ("We are cognizant of the Product Liability Act's requirement of 'harm'"). Failure to allege "harm" as defined by the PLA "may prove fatal to plaintiff's claims founded upon the Act." Sinclair, 389 N.J. Super. at 508. "Harm" is defined by the PLA, in part, as "personal physical illness, injury or death." N.J.S.A. § 2A:58C-1(b)(2)(b). Here, Plaintiffs expressly disavow that they have suffered any personal injury as a result of their Trident System implants. Am. Compl. ¶ 19; Pls.' Opp'n Br. at p. 17 (". . . Plaintiffs are not seeking damages for personal injuries"). Accordingly, Plaintiffs have failed to state a claim under the PLA and Howmedica's motion to dismiss Count II of the Amended Complaint is granted.[6]

---

[6] In reviewing the Amended Complaint liberally, the Court believes Plaintiffs are attempting to satisfy the PLA harm requirement with two other assertions and finds that both are without merit. First, Plaintiffs' request for medical monitoring to detect potential personal injury in the future does not satisfy the "harm" requirement under the PLA. See Vitanza v. Wyeth, Inc., 2006 WL 462470, at *7 (N.J. Super Ct. Jan. 24, 2006) ("Plaintiffs in this case are asking this Court to find that medical monitoring should apply to a pure product liability action where there is no present symptom of injury. However, the New Jersey Supreme Court has yet to apply a medical monitoring remedy to a pure products liability action where the Product Liability Act applies").
Secondly, the class definition offered by Plaintiffs includes spouses of all persons who have a Trident System implant who are "legally entitled to a consortium claim." Although the PLA includes "any loss of consortium . . ." in the definition of "harm," N.J.S.A. § 2A:58C-1(b)(2)(c), the only mention of such "harm" is in the class definition. Plaintiffs offer nothing in

### C.     Counts III and IV: Implied Breach of Warranty and Negligent Design and Manufacture

Count III of the Amended Complaint states causes of action for breaches of express and implied warranties. The Court will only consider the latter claim under Count III in this analysis. Count IV for "negligent design and manufacture" is a common-law tort claim. Neither of these claims can stand under New Jersey law, according to Howmedica. Def.'s Br. at pp. 21-23. The language of the PLA makes it clear the Act is the only vehicle a plaintiff may use to recover for a product liability action: "*any* claim or action for harm caused by a product, *irrespective of the theory underlying the claim*, except actions for harm caused by breach of express warranty" falls under the ambit of the Act. N.J.S.A. § 2A:58C-1(b)(3) (emphasis added); Repola v. Morbark Indus., Inc., 934 F.2d 483, 492 (3d Cir. 1991) ("[I]t [is] clear that [the PLA] . . . effectively creates an exclusive statutory cause of action for claims falling within its purview"). Furthermore, the New Jersey courts have expressly held that "[t]he [PLA] no longer recognizes negligence or breach of warranty (with the exception of express warranty) as a viable separate claim for 'harm' . . . caused by a defective product." Tirrell v. Navistar Int'l, Inc., 248 N.J. Super. 390, 398 (N.J. Super. Ct. App. Div. 1991); see Reiff v. Convergent Tech., 957 F. Supp. 573, 583 ("Under New Jersey products liability law, negligence and breach of warranty are no longer viable as separate claims for harm caused by a defective product"); Oquendo v. Bettcher Indus., Inc., 939 F. Supp. 357, 361 (same). Plaintiffs' negligence and breach of implied warranty claims state harm caused by the allegedly defective product and thus, fall within the scope of the

---

the way of facts to allege how a "squeaking" hip implant has led to any loss of consortium, particularly in light of the fact that they disclaim any personal injury to the patients in whom the Trident System has been implanted.

11

PLA. These counts are subsumed by the PLA and must be dismissed in accordance with the Court's dismissal of Count II of Plaintiffs' Amended Complaint.[7] See Reiff, 957 F. Supp. at 583; Oquendo, 939 F. Supp. at 361.

### D.  Count III: Express Breach of Warranty

The only remaining claim in Plaintiffs' Amended Complaint is the express breach of warranty claim in Count III. New Jersey law dictates that an express warranty is created by "any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain", "any description fo the goods which is made part of the basis of the bargain" or "any sample or model which is made part of the basis of the bargain". N.J.S.A. § 12A:2-313(1)(a)-(c). Howmedica contends that nothing in the Amended Complaint provides factual allegations that state a breach of an express warranty. Def.'s Br. at pp. 23-25. Plaintiffs point the Court to paragraphs 50 and 51 of the Amended Complaint to evidence the sufficiency of this claim. Pls.' Opp'n Br. at p. 23. Paragraph 50 states that the express warranties

> came in the form of (i) publicly made written and verbal assurances of safety; (ii) press releases and dissemination via the media of uniform promotional information that was

---

[7] Plaintiffs argue that Count IV should remain because the negligence claim is not barred by the Economic Loss Doctrine. Pls.' Opp'n Br. at pp. 18-22. As Plaintiffs have specifically not pled any personal physical injury, the only injury that could possibly sustain a tort action would be damage to the Trident System itself. The economic loss doctrine holds that a commercial buyer may not levy a tort cause of action to recover for economic losses sustained from damage to the product itself. Alloway v. General Marine Indus., L.P., 149 N.J. 620, 623, 627 (1997) (citing Spring Motors Distrib., Inc. v. Ford Motor Co., 98 N.J. 555, 579-80 (1985)); see also TransHudson Express, Inc. v. Nova Bus Co., No. 06-4092, 2007 WL 1101444, at *5 (D.N.J. April 11, 2007) (Linares, J.) (finding that, under the economic loss doctrine, "Plaintiff's claims for the economic loss it suffered [based on damage to the product itself] will be governed by the U.C.C., and not by tort law"). Plaintiffs, thus, have not revived their negligence claim by asserting this doctrine.

> intended to create demand for the Trident System, but which contained material misrepresentations and utterly failed to warn of the risks of the Trident System; (iii) verbal assurances made by Defendant's consumer relations personnel to the public about the safety of the Trident System and the downplaying of the risks associated with the Trident System; (iv) false and misleading written information supplied by Defendant.

Am. Comp. ¶ 50. Furthermore, Plaintiffs' allege that Howmedica should have "all of the aforementioned written materials" in its possession. These statements are exactly the type of "bald assertions" that fail to give Howmedica "fair notice of what the claim is" and "the grounds upon which it rests." See Twombly, 127 S.Ct. at 1959. Thus, Plaintiffs have failed to state facts sufficient to allege a claim for breach of an express warranty and the Court consequently dismisses the remaining claim in Count III.

## IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is granted. An appropriate order accompanies this opinion.

Dated: January 14, 2008

José L. Linares, U.S.D.J.